**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**DAVID WAYNE BARBEE,**

       **Plaintiff,**

**v.**                               **CIVIL ACTION NO.**

**BUILDERS MUTUAL INSURANCE COMPANY,**
       **Serve: CT Corporation Systems**
               **4701 Cox Rd Suite 285**
               **Glen Allen, VA 23060-6808**

       **Defendant.**

## COMPLAINT FOR DECLARATORY JUDGMENT

David Wayne Barbee ("Barbee"), pursuant to 28 U.S.C. §§2201(a) and 2202 and Federal Rules of Civil Procedure 8(a) and 57, for his complaint for declaratory judgment against Builders Mutual Insurance Company ("Builders Mutual"), alleges as follows:

### Parties, Jurisdiction and Venue

1.     David Wayne Barbee is an individual who is domiciled in and a citizen of the Commonwealth of Virginia and resides in the City of Portsmouth, Virginia.

2.     Builders Mutual is insurance company organized and incorporated in the State of North Carolina with its principal place of business at 5580 Centerview Drive, Raleigh, North Carolina. It is a citizen of the State of North Carolina.

3.     This Court has jurisdiction over this case pursuant to 28 U.S.C. §1332(a)(1) because complete diversity exists between Barbee and Builders Mutual, and the amount in controversy exceeds the sum of seventy five thousand dollars ($75,000.00), exclusive of interest

and costs.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims for relief occurred in this district.

## Underlying Suit

5.      On or about August 8, 2019, Barbee filed  a complaint in the Circuit Court for the City of Richmond (*David Wayne Barbee v. Travis Drennan and John Doe.,* Case No. CL19003967-00) (the "Underlying Suit").  An order granting leave to file an amended complaint was entered on or about November 7, 2019 and an amended complaint was filed. A copy of the amended complaint in the Underlying Suit is attached as Exhibit A.

8.      The Underlying Suit alleges in part that on or about October 26, 2018, Barbee was injured while working on a road construction site when Travis Drennan ("Drennan") drove a vehicle into him and then drove away, fleeing the scene of the accident.

9.      The Underlying Suit alleges in part that at the time he was injured, Barbee was employed by American Road Markings LLC and using a motor vehicle or vehicles owned or leased by his employer in furtherance of his work.

10.     The Underlying Suit alleges in part that Builders Mutual issued a business auto insurance policy to American Road Markings LLC which was in force and effect at the time Barbee was injured and which provided uninsured and underinsured motorists coverages.

11.     The Underlying Suit alleges in part that Drennan is liable to Barbee for injuries and damages caused by the accident in the amount of six million dollars ($6,000,000.00) in compensatory damages and three hundred fifty thousand dollars ($350,000.00) in punitive damages, plus costs and interest.

12.     Builders Mutual was served with process in the Underlying Suit in accordance

with Va. Code 38.2-2206(F).

13.     Builders Mutual filed an answer to the amended complaint in the Underlying Suit in which it denied that it provided uninsured and underinsured motorists coverages to Barbee. A copy of Builders Mutual's answer is attached as Exhibit B.

**The Policy**

14.     Builders Mutual issued an insurance policy, number CAP 0022867 07, to American Road Markings LLC, with a policy period from 04/01/2018 to 04/01/2019 (the "Policy").

15.     A true and accurate copy of the Policy is attached hereto as Exhibit C.

16.     The Policy provides uninsured and underinsured motorists coverages to pay in accordance with the Virginia Uninsured Motorists Law, Va. Code §38.2-2206, all sums the insured is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle.

17.     According to Section D of the Uninsured Motorists Endorsement of the Policy, an insured includes anyone occupying a covered auto.

18.     Section A.11. of the endorsement states:  "'Occupying'" means in, upon, using, getting in, on, out of or off."

19.     Section A.6. of the Policy endorsement defines a covered auto as a motor vehicle with respect to which the bodily injury or property damage liability coverage of the policy applies.

20.     Virginia Code § 38.2-2206 requires uninsured and underinsured motorist insurance to extend to the use of a covered vehicle.

**The Covered Vehicles**

21.     At the time of the accident which is the subject of the Underlying Suit, Barbee was using and therefore occupying one or more covered autos, as defined by the Policy, which were owned or leased by Barbee's employer and Builders Mutual's insured, American Road Markings LLC.

22.     One covered auto was used as a safety vehicle with activated hazard lights and safety strobe lights in close proximity to Barbee at the time of the accident.

23.     The same vehicle also contained tools, materials and equipment which Barbee accessed and used as he went from the vehicle to the road pavement area on which he was working at the time of the accident.

24.     The same vehicle's headlights illuminated the road pavement work area for Barbee's work which occurred at night.

25.     The same vehicle was positioned inside orange safety cones in the worksite which blocked traffic's access to the road pavement on which Barbee was working at the time of the accident.

26.     Barbee was occupying the covered vehicle according to the terms and definitions of the Policy and is an insured under the Uninsured Motorists Endorsement.

27.     A second covered auto was also positioned in close proximity to Barbee and equipped with a lighted arrow board to direct traffic safely away from where Barbee was working on the roadway and it served as a safety vehicle at the time of the accident.

28.     Barbee was occupying the covered vehicle according to the terms and definitions of the Policy and is an insured under the Uninsured Motorists Endorsement.

29.     A third covered auto with safety strobe lights activated served as a safety vehicle

and its lights illuminated Barbee's work area.

30.     Barbee was occupying the covered vehicle according to the terms and definitions of the Policy and is an insured under the Uninsured Motorists Endorsement

## Drennan's Liability Insurance Policy

31.     Drennan was insured by a liability policy issued by Allstate Property & Casualty Insurance Company with policy limits of One hundred thousand dollars ($100,000.00).

32.     At the time of the accident, Drennan was operating an underinsured motor vehicle as the total amount of bodily injury coverage applicable to the operation of his vehicle and available for payment is less than the total amount of uninsured motorist coverage afforded Barbee as a result of the operation of the motor vehicle.

## Justiciable Controversy

33.      There is a genuine and bona fide dispute and an actual justiciable controversy and disagreement between Barbee and Builders Mutual regarding whether the Policy provides underinsured motorist coverage to Barbee for the damages claimed in the Underlying Suit.

WHEREFORE Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§2201(a) and 2202, Barbee in good faith requests that the Court declare the following:

(a)  Barbee was using and therefore occupying one or more covered vehicles;

(b)  Barbee is an insured under the Policy's Uninsured Motorists Endorsement;

(c)  Drennan was operating an underinsured motor vehicle at the time of the accident which is the subject of the Underlying Suit;

(d)  The Policy's coverage applies independently to multiple covered autos involved in the same accident;

(e)  Barbee is entitled to underinsurance coverage under the Policy; and

(f)  For such other and further relief this Court may deem just and proper.

DATED this 26th day of August, 2020.


/s/_____
Brian N. Casey
Virginia State Bar No. 26710
Attorney for David Wayne Barbee
TAYLOR WALKER P.C.
1206 Laskin Road, Suite 100
Virginia Beach, Virginia 23451
(757) 625-7300
(757( 625-1504 (fax)
bcasey@taylorwalkerlaw.com

Boyd Scarborough
Attorney for David Wayne Barbee
GRIFFIN, PAPPAS & SCARBOROUGH PC
Number One High Street, Suite 1
Portsmouth, VA 23704
757-399-6381 Office
757-399-4259 Facsimile